UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIXTO CRUIZ MURILLO, | ) | 1:12-CV-00531 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| | ) | |
| v. | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| JUDGE RONALD COULARD, | ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner filed a federal petition for writ of habeas corpus on February 14, 2012. He challenges his 2000 conviction sustained in Tulare County Superior Court. On May 3, 2012, the undersigned issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. It appeared from the petition that Petitioner had failed to seek relief in the California Supreme Court. On May 22, 2012, Petitioner responded by filing a first amended petition.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

1  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
2  from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing §
3  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order
4  Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

5  As discussed in the order to show cause of May 3, 2012, a petitioner who is in state custody
6  and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must
7  exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion
8  requirement by providing the highest state court with a full and fair opportunity to consider each
9  claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.
10 Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

11 In response to the Court's order to show cause, Petitioner filed a first amended petition. A
12 review of the first amended petition reveals the same deficiency: Petitioner fails to show that he has
13 presented his claims to the California Supreme Court.  His failure to exhaust state remedies requires
14 dismissal pursuant to 28 U.S.C. § 2254(b)(1); however, the dismissal will be without prejudice to
15 Petitioner returning to federal court once state exhaustion has been completed.

## CERTIFICATE OF APPEALABILITY

17 A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
18 district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-
19 El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue
20 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

21     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
       district judge, the final order shall be subject to review, on appeal, by the court
22     of appeals for the circuit in which the proceeding is held.

23     (b) There shall be no right of appeal from a final order in a proceeding to test the
       validity of a warrant to remove to another district or place for commitment or trial
24     a person charged with a criminal offense against the United States, or to test the
       validity of such person's detention pending removal proceedings.
25
       (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
26            appeal may not be taken to the court of appeals from–

27              (A) the final order in a habeas corpus proceeding in which the
                detention complained of arises out of process issued by a State
28              court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

   Dated:   **June 1, 2012**              /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE